PATRICK O'CONNOR, APPELLANT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*New York city — employes of — appointment of, how limited — payment of — prerequisite to § 32 chap. 137 of 1870.*

The charter of New York provided that the number of employes in every department and their compensation should be such as the head of each department should designate. The plaintiff received from the superintendent of public works the employment of water policeman, but never, though ready to act, was employed as such, nor was there any employment for him. In an action to recover his salary, *held,* that the intention of the law was that the power given should not be exercised beyond the limits of reasonable necessity, and plaintiff was not entitled to recover.

The charter further provided that "No expenditure for work or supplies, involving an amount for which no contract is required, shall be made except the necessity therefor be certified to by the head of the appropriate department." *Held,* that his employment came within this provision, and that no certificate of the necessity of his employment having been given, he could not recover.

APPEAL from judgment in favor of defendant, recovered on trial at the Circuit.

*Strahan & Findley,* for the appellant.

*D. J. Dean,* for the respondent.

DANIELS, J. :

In June, 1871, the plaintiff received from the superintendent of public works, the appointment or employment of water policeman, and he continued to hold it until the early part of January, 1872. During that time he performed no service whatever beyond going away with some letters for Mr. Cornell and Mr. Tweed. He did nothing as a water policeman, nor in any other capacity, except some errands, but waited around for instructions, which were never given. He was paid his compensation until October, 1871, and brought this action to recover it for that and the two following months. The amount claimed was $250. But he was prevented from recovering that by a dismissal of his complaint when his case was closed.

It is entirely evident from the testimony of the plaintiff that his position was of the description known as a sinecure. There was no employment for him and he never entered on the discharge of any of the duties appertaining to the water police. He was not appointed to any office, but simply employed in carrying notes and letters to certain parties, for the convenience of the persons who have been named. He was a mere excrescence on the public service of the city, placed there to be benefited by the compensation, without returning any equivalent by way of services. And his retention was a plain abuse of authority, a perversion of law to increase the public burthens.

It was a fraud upon the city which should not be sanctioned unless that has been required by the authority of law. The charter conferred very full authority upon the superintendent of public works to make subordinate appointments and bestow employments upon others. (Laws of 1870, Vol. 1, 373, chap. 137, § 32.) But it was still the intention of the law that its exercise should not be extended beyond the limits of reasonable necessity. No formal words were required to be used for the expression of that intention, to warrant the conclusion of its existence. It is always to be inferred that authority is created to be used for the public benefit, and not to be perverted into a mere expedient for the increase of needless expenditures. And that was the power which was given to the superintendent of public works for the appointment and employment of the subordinates of his department. It was designed to be limited to such as were required to enable it to discharge its duties and enforce its authority. And it is plain, from another section of the act, that this general provision was positively designed to be subordinated to that restraint. By that it was provided that "no expenditure for work or supplies, involving an amount for which no contract is required, shall be made except the necessity therefor be certified to by the head of the appropriate department." (Laws of 1870, Vol. 1, 392, chap. 137, § 105.) This provision was made exceedingly broad for the purpose of excluding the construction through which needless employments might otherwise have been colorably made.

It has been urged that this restraint should be limited to the work mentioned in the preceding section. But there is no reason

why it should be held to include the work there mentioned and exclude all other work which might be required on behalf of the city or any of its departments. The same restraint which was needed in one case was as much required in the others. The object was to shield the public against unnecessary expenditures of its revenues. And the provision should be construed with reasonable liberality for the purpose of securing that result. That can very well be done, however, without extending the words used beyond their ordinary import. They relate to all expenditures for work, for which no contract was required. And the employment of the plaintiff presented a case of that description. He was employed nominally to perform services or work, for the department. In reality nothing of that kind was probably designed, for no work or services appears to have been assigned to him. But in theory, he was employed to work, and this provision declared that he could only be paid, when the necessity of his employment should be certified by the head of the department in which he was engaged. That never has been done, and no excuse was given for the omission to produce the certificate. For this reason the plaintiff's complaint was properly dismissed, and the judgment recovered should be affirmed.

DAVIS, P. J., concurred.

BRADY, J.:

I concur in the result although I think there is reason to doubt whether the provisions of section 105, referred to in the opinion of Justice DANIELS, applies to services rendered.

Judgment affirmed.